UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
AT ATLANTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-CR-00475 (TFH) |
| | ) | |
| JACK T. CAMP, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

Comes now the United States, by and through the undersigned counsel, and files its response to Defendant's Sentencing Memorandum. Defendant provides this Court with a detailed account of his community support, personal and family history, to include his medical conditions, and his reputation as a federal jurist in the Northern District of Georgia. Defendant further requests that this Court sentence him to serve a term of probation, pay a fine and perform community service. Defendant also contends that the mandatory minimum term of imprisonment set forth in the Presentence Investigation Report ("PSR") is inapplicable to the offense as charged.

The United States requests that this Court fashion a sentence that conforms with the goals of Title 18, United States Code, Section 3553, that is, a sentence which i) reflects the seriousness of the offense; ii) promotes respect for the law; iii) provides just punishment; iv) affords adequate deterrence to criminal conduct; v) protects the public from further crimes of the defendant; vi) avoids unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

and vii) provides needed educational, vocational training and medical care to the defendant.  The United States further submits that PSR correctly calculated Defendant's advisory guideline range to include the mandatory minimum term of imprisonment pursuant to Title 21, United States Code, Section 844(a).

1.      United States' Response to Defendant's Objection to the PSR

Defendant has filed an objection to the PSR and contends that the mandatory minimum term of imprisonment in Count One is inapplicable as it only applies to recidivist offenders.  The PSR sets forth an advisory guidelines range of a mandatory minimum term of 15 days up to 6 months imprisonment, pursuant to U.S.S.G. §5G1.1(c)(2). PSR at ¶111.

The United States submits that the Defendant's conduct of knowingly and intentionally aiding and abetting a previously convicted felony drug offender in her possession of controlled substances gives rise to the enhanced penalties for both the principal and the aider and abettor.  The United States Probation Office, therefore, has correctly calculated the advisory guidelines range and Defendant's objection should be overruled.

a.      Argument and Law

Defendant asserts that he should not be subjected to the enhanced penalty set forth for a conviction on Count One of the Information, as that penalty is prescribed for a recidivist and not a first offender.  Specifically, Defendant has pleaded guilty to aiding and abetting the unlawful possession of a controlled substance by a previously convicted drug felon in violation of Title 21, United States Code, Section 844 and Title 18, United States Code, Section 2, as enhanced by Title 21, United States Code,

2

Section 851.  The United States timely filed notice pursuant to Title 21, United States

Code, Section 851 of the principal's prior felony drug conviction.  As the Defendant

pleaded guilty to aiding and abetting the unlawful possession of controlled substances

by a previously convicted drug felon, Defendant is, therefore, subject to the enhanced

penalties pursuant to that statute.  Specifically, as an aider and abettor of a previously

convicted drug felon, Defendant faces a mandatory minimum term of 15 days

imprisonment pursuant to Title 21, United States Code, Section 844(a).

By way of analogy, under Section 844(a), the quantity of the drugs possessed

determines whether the offense constitutes a felony or a misdemeanor.  Following

*Apprendi*, the quantity of the drugs possessed therefore is not a sentencing factor but

instead, an element of the offense, as the amount of drugs possessed increases the

statutory maximum.  The third sentence of section 844(a), therefore, creates a separate

offense that must be charged in the indictment and decided by the jury. *See e.g.,*

*United States v. Stone*, 139 F.3d 822, 834-38 (11th Cir. 1998) (concluding that "quantity

of the substance is an element of the substantive §844(a) offense"); *United States v.*

*Fitzgerald*, 89 F.3d 218, 222 (5th Cir. 1996) ("Because a quantity of cocaine base in

excess of five grams makes misdemeanor possession of cocaine base a felony, the

quantity of cocaine base is an essential element of felony possession of cocaine base

proscribed in the third sentence of §844(a)" and indictment must charge amount for

felony conviction).  The United States did precisely that.  Thus, similar to calculating an

enhanced penalty for drug quantity, the Defendant's aiding and abetting of a previously

convicted felon constitutes an element of the offense rather than a sentencing

enhancement.  Thus, the principal's prior felony drug conviction should be imputed to the Defendant for purposes of sentencing.

A brief review of the relevant facts is necessary.  As set forth in the Agreed Factual Basis, Defendant, knowing that the principal had been previously convicted of a federal drug felony, knowingly and intentionally aided and abetted said principal's possession of controlled substances.  Defendant's knowledge of the principal's prior drug felony conviction, obtained by causing a court employee to access the principal's criminal case file archived and maintained by the U.S. District Court for the Northern District of Georgia, and his intentional acts assisting the principal's possession of controlled substances, are material to the aggravating nature of the offense.  Thus, similar to drug quantity, the principal's recidivism should be considered as an element of the offense, rather than as a sentencing factor.  As an element of the offense, Defendant, therefore would be subjected to the enhanced penalties for aiding a recidivist drug offender.

Defendant contends that the statute is not intended to provide an enhanced penalty for a first offender who aids and abets a felon who is subject to the statutory enhancement.  Defendant relies on the Sixth Circuit's opinion in *United States v. Hendrick*, 177 F.3d 547 (6th Cir. 1999) for the proposition that "punishing a defendant convicted of aiding and abetting the commission of a crime to the same degree as the principal offender does not necessarily mean that all participants to a crime are treated exactly the same."  *Id*. at 551.  To that end, Defendant asserts that while he is responsible for the acts of the principal, that he should not be subjected to the enhanced penalties that result from the principal's criminal history.

4

It should be noted that Defendant is not being subjected to the quantum of the principal's criminal history.  He is only being subjected to the portion of the principal's criminal history that is material to the offense charged, that is, the principal's status of as a previously convicted drug felon.  The purpose of the recidivist statute, therefore, is not frustrated by its application to a defendant who aids and abets a recidivist.  In fact, it harkens back to the Supreme Court's long-standing goal to punish repeat offenders more seriously.  It stands to reason that if the Court believes that recidivism should be punished more severely,  than those who cause the recidivism should also bear the burden of an enhanced penalty.  *See Graham v. State of West Virginia*, 224 U.S. 616, 623 (1912) ("[t]he repetition of criminal conduct aggravates their [the recidivist] guilt and justifies heavier penalties when they are again convicted.)

In the instant case, Defendant is subject to the enhanced penalties under Section 851 because his offense conduct is directly related to the principal's status as a convicted felon.  That is, not only did Defendant aid and abet the unlawful possession of a controlled substance, he knowingly and intentionally aided and abetted a previously convicted drug felon in her possession of controlled substances.  As set forth in the Agreed Factual Basis, defendant had full knowledge of the principal's previous drug conviction.  When Defendant and the principal went to purchase the illegal drugs, Defendant remarked to the principal, "let me let you pay him because you've already got a record, I don't."  Practically speaking, Defendant's own offense conduct dictates that he should be subjected to the enhanced penalties that face the principal.

Moreover, as discussed in *Hendrick*, a defendant "convicted of aiding and abetting in the commission of a crime is subject to the same mandatory minimum

5

sentence as the principal offender." *Id*. at 551.  The more instructive case, therefore, is *United States v. Pierson*, 53 F.3d 62 (4th Cir. 1995).  In *Pierson*, the Fourth Circuit considered whether a defendant who has pleaded guilty to aiding and abetting a violation of Title 21, United States Code, Section 841(a)(1), is subject to the mandatory minimum sentence of five years imprisonment imposed by the statute on principals who are convicted of the offense.  Defendant Pierson argued that as an aider and abettor, the district court was not required to sentence him to the statutory mandatory minimum, but instead, could sentence him under the guidelines. The Court analyzed both the federal aiding and abetting statute, Title 18, United States Code, Section 2 and the U.S. Sentencing Guidelines provisions for aiding and abetting.  Both provisions conclude that an aider and abettor is punishable as a principal and that for sentencing guideline purposes, the offense level for an aider and abettor is the same level as the underlying offense.  The Court, therefore, concluded that "these two provisions clearly indicate that, in general, Congress intended to treat the two criminal classes equally."  *Id*. at 65.  Even more telling, the conduct at issue in *Pierson* was whether an aider and abettor would be subjected to the enhanced penalties for drug offenses, mandatory minimum terms of imprisonment, that the principal faced.

Similarly here, the law makes clear that Defendant is subjected to the enhanced statutory penalties because the principal's status as a previously convicted drug felon is a key factor of the severity of the wrong-doing at issue.  Not only did Defendant assist another individual in procuring illegal controlled substances, but he also knowingly and intentionally assisted a person who had been previously convicted of a controlled

6

substance offense in her possession of illegal controlled substances.  Here, the class of the offender is material and is an aggravating factor of the charge.  Thus, Defendant's own status as a first-offender should not insulate him from the harsher penalties accorded to his level of criminal conduct, that is, the aiding and abetting a convicted drug felon.  Defendant's conduct, therefore, facilitated and promoted the principal's recidivism.

Additionally, as evidenced by the classification of the offense as a Class E-felony, it is clear that Congress intended the enhanced penalties to apply equally to principals as well as aiders and abettors.  If not, then aiding and abetting the possession of a controlled substance would remain a misdemeanor rather than a felony. To that end, both the law and the specific facts of this case, give rise to application of the statutory mandatory minimum penalty.  As such, Defendant's objection should be overruled.

2.    <u>Introduction</u>

Defendant awaits sentence following pleas of guilty to an Information charging him in Count One with Aiding and Abetting the Unlawful Possession of Controlled Substances by a Previously Convicted Drug Offender, in Count Two with Unlawful Possession of Controlled Substances and in Count Three with Conversion of Government Property. PSR at ¶4.   As set forth in the PSR and the Agreed Factual Basis, at the time of these offenses, Defendant was a Senior United States District Judge in the Northern District of Georgia.  PSR at ¶10.

3.    <u>The §3553 factors</u>

Section 3553 sets forth the factors that the Court must consider in fashioning a

reasonable sentence.  As the Supreme Court very recently reiterated in *United States v. Pepper*, ___S.Ct. ___, 2011 WL 709543 (March 2, 2011), that "sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant-if not essential-to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York*, 337 U.S. 241, 246-247,(1949). Congress codified this principle at 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and con-duct," and at § 3553(a), which sets forth certain factors that sentencing courts must consider, including "the history and characteristics of the defendant," § 3553(a)(1).

To that end, the United States provides information relating to the Section 3553 factors for this Court's consideration in fashioning a just sentence for this defendant.

### a.    The Nature and Circumstances of the Crime

Beginning in or around May 2010, while serving as a federal district court judge, Defendant engaged the services of an exotic dancer/prostitute, obtained and utilized illegal controlled substances for and with the exotic dancer/prostitute, a convicted drug felon, and accompanied the exotic dancer/prostitute to a drug deal, armed with two firearms.  As a District Court judge, Defendant was permitted to requisition a laptop computer, property of the United States government, from the U.S. District Court, for his usage.  Defendant requisitioned a U.S. government laptop computer but rather than use and maintain the computer for official court business, Defendant gave said laptop to the exotic dancer/prostitute for her usage.

8

On October 1, 2010, Defendant was arrested by the FBI after accompanying the exotic dancer/prostitute to purchase what he believed to be roxycodone and cocaine. Defendant followed the exotic dancer/prostitute, in his vehicle, to the location of the deal, armed with two firearms for protection.  Defendant and the exotic dancer/prostitute purchased what Defendant believed to be roxycodone and cocaine from an undercover Agent posing as a drug dealer.  Defendant thanked the undercover Agent/drug dealer for the drugs and told him,"we'll be calling you again."

        b.    <u>The History and Characteristics of the Defendant</u>

There is no dispute that the above-described conduct constitutes a significant departure from the life this Defendant previously led.  There is also no dispute that prior to May 2010, this Defendant was a community leader, a family man and a respected federal jurist.  As a veteran of the Vietnam War and a federal judge, there is no dispute that this Defendant faithfully served his county.  However beginning in May 2010, this Defendant, by his conduct, dishonored his community, his family and our system of justice, and violated the very laws he swore an oath to uphold.  Defendant's actions cast dark aspersions on the criminal justice system and put the very integrity of the federal courts at issue.

This Court must, of course, fashion a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.  Defendant sets forth in his sentencing memorandum letters of support from friends, colleagues and other members of the community, and recounts a long history of good work.  Defendant also notifies the Court of some mental and physical health issues and family circumstances.  Defendant contends that these

9

issues and circumstances may have contributed to, but do not excuse, his conduct. The United States agrees that this Court may and should consider Defendant's mental and physical health issues and family circumstances in fashioning a reasonable sentence, but contends that these issues and circumstances should not serve to excuse Defendant's actions nor serve to mitigate seriousness of his offense.

      c.    <u>Need for Sentence Imposed to Reflect Seriousness of Offense, Promote Respect for the Law and Provide Just Punishment</u>

As Defendant was a federal jurist who meted out sentences to a myriad of federal criminal offenders, including individuals who illegally possessed controlled substances and who unlawfully converted U.S. government property, it is important that this Court's sentence not only, reflects the seriousness of the offense and provides just punishment, but also promotes respect for the law.  This Court should therefore fashion a sentence that treats Defendant like every other similarly-situated criminal offender.

The advisory sentencing guidelines will assist this Court in fashioning such sentence.  To determine what actual sentences were given to similarly situated criminal offenders, a review of the United States Sentencing Commission's Fourth Quarter 2010 preliminary cumulative data (October 1, 2009 through September 30, 2010)[1] will provide some further assistance.  A review of the data reveals that, nationwide, a total of 802 cases where simple possession of drugs was the primary offense, were sentenced.  Of the 802 cases, 64.7% of offenders received a sentence of imprisonment.  64.6%

---

[1]    U.S. Sentencing Commission, Preliminary 2010 Datafile, USSCFY10.  *See* http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Quarterly_Sentencing_Updates/USSC_2010_Quarter_Report_4th.pdf.   Retrieved on February 25, 2011

received a prison-only sentence and 0.1% received a prison/community split sentence.[2]

In addition, 283 offenders, that is, 35.3% received a probationary sentence.  Of the

probationary sentences, 2.7% received a sentence of probation and confinement and

32.5% received probation only.[3]

 As reflected above, a sentence must reflect the seriousness of the offense,

promote respect for the law, provide just punishment and afford adequate deterrence.

As Congress discussed when adopting Section 3553:

> [It is our] view that in the past there have been many cases, particularly in
> instances of major white collar crime, in which probation has been granted
> because the offender required little or nothing in the way of institutionalized
> rehabilitative measures ... and because society required no insulation from the
> offender, without due consideration being given to the fact that the heightened
> deterrent effect of incarceration and the readily perceivable receipt of just
> punishment accorded by incarceration were of critical importance. The placing
> on probation of a white collar criminal may be perfectly appropriate in cases in
> which, under all the circumstances, only the rehabilitative needs of the offender
> are pertinent; such a sentence may be grossly inappropriate, however, in cases
> in which the circumstances mandate the sentence's carrying substantial
> deterrent or punitive impact.

S.Rep. No. 98-225, at 91-92 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3274-75.

As a society, we have determined that punishment is a necessary function of an

ordered society.  Punishment is a consequence designed to prevent and deter people

from engaging in criminal conduct.  Defendant argues that he has suffered a loss of

reputation, his livelihood and the trust of his family.  While this is true, Defendant also

owes a debt to society for his conduct.  This Court, therefore, must fashion a sentence

---

[2]    A prison/community split sentence include offenders who received conditions of
confinement as described by U.S.S.G. §5C1.1.

[3]    It should be noted that the statistics did not note sentences based upon offender
criminal history.

which addresses this factor.

      d.     <u>The Need to Afford Adequate Deterrence, Avoid Sentencing
Disparities, Protect the Public and Provide Defendant with
Education, Training or Medical Care.</u>

Defendant submits that incarceration is not necessary to rehabilitate him or to

impress upon him the seriousness of his conduct.  Of course, these are only two of the

tenets upon which a reasonable sentence is based.  The remaining tenets must be

adequately considered in order to fashion a sentence that falls squarely within the

requirements of Section 3553.  Thus, not only must the sentence reflect the

seriousness of Defendant's conduct, it must also constitute just punishment, promote

respect for the law and afford adequate deterrence.

The history and characteristics of this Defendant do not reflect a need to protect

the public from future crimes of this Defendant, nor is there a need to provide this

Defendant with educational or vocational training.  It is clear, however, that Defendant

should obtain appropriate medical care to address the issues that he asserts gave rise

to his change in behavior and the resulting criminal conduct.

Inherent in the notion of respect for the law is the concept of uniformity of

sentences and treating similarly situated individuals the same.  When a defendant

receives a sentence that is disparately harsh or lenient as opposed to other similarly

situated persons, it sends the message that the sentencing is arbitrary and capricious

and does not foster a respect for the law or the criminal justice system.

    4.    <u>Conclusion</u>

As the Supreme Court recently reiterated in *Pepper,* ""it has been uniform and

constant in the federal judicial tradition for the sentencing judge to consider every

convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *citing Koon v. United States*, 518 U.S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247; *see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender")." *Pepper*, ___S.Ct.___, 2011 WL 709543 at *8. The United States, therefore, respectfully requests that this Court continue the federal judicial tradition of sentencing judges, and fashion a sentence that promotes justice and fits both the offender and his offense.

Respectfully submitted this the 4th day of March 2011.

JACK SMITH
CHIEF
PUBLIC INTEGRITY SECTION

By:     s/ *Deborah S. Mayer*
        Deborah S. Mayer
        Trial Attorney

        s/ *Tracee J. Plowell*
        Tracee J. Plowell
        Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, a copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

_s/ Tracee J. Plowell_____
Tracee J. Plowell
Trial  Attorney

14